**LAQUER, URBAN, CLIFFORD & HODGE LLP**
Marija Kristich Decker, State Bar No. 207387
Email: *Decker@luch.com*
Sareen K. Boyadjian, State Bar No. 362115
Email: skboyadjian@luch.com
200 South Los Robles Avenue, Suite 500
Pasadena, California 91101
Telephone: (626) 449-1882
Facsimile: (626) 449-1958

Counsel for Plaintiffs, Trustees of the Operating Engineers Pension Trust, et al.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST; TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND; TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST; TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST; TRUSTEES OF THE OPERATING ENGINEERS LOCAL 12 DEFINED CONTRIBUTION TRUST; ENGINEERS CONTRACT COMPLIANCE COMMITTEE FUND; CONSTRUCTION INDUSTRY ADVANCEMENT FUND; and SOUTHERN CALIFORNIA PARTNERSHIP FOR JOBS FUND,<br><br>Plaintiffs,<br><br>vs.<br><br>MYERS-RADOS, a Joint Venture, STEVE P. RADOS, INC., a California corporation and joint venturer, and MYERS & SONS CONSTRUCTION, L.P, a California limited partnership and joint venturer,<br><br>Defendants. | CASE NO.: 8:26-cv-1480-JWH-JDE<br><br>**FIRST AMENDED COMPLAINT FOR BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT AND VIOLATION OF ERISA § 515 [29 U.S.C. § 1145]** |

Plaintiffs, Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers

Vacation-Holiday Savings Trust, Construction Industry Advancement Fund, Trustees of the Operating Engineers Training Trust, Trustees of the Operating Engineers Local 12 Defined Contribution Trust, Engineers Contract Compliance Committee Fund, and Southern California Partnership for Jobs Fund, complain and allege:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this case pursuant to section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. § 1132(e)(1)], which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to section 502(a)(3) of ERISA [29 U.S.C. § 1132(a)(3)], to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in section 502(f) of ERISA [29 U.S.C. § 1132(f)].

2. This Court also has jurisdiction of this case pursuant to section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA") [29 U.S.C. § 185(a)], which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Venue is proper in this Court pursuant to section 502(e)(2) of ERISA [29 U.S.C. § 1132(e)(2)], and section 301(a) of the LMRA [29 U.S.C. § 185(a)], in that this is the district in which the Plaintiffs' Trusts (defined below) are administered, the signatory union maintains union offices, and where the contractual obligation is to be paid.

4. To the extent this First Amended Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

///

## PARTIES

5. Plaintiffs, Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust, Trustees of the Operating Engineers Training Trust, and Trustees of the Operating Engineers Local 12 Defined Contribution Trust (collectively "Trustees"), are the trustees of five express trusts (collectively "Trusts") created pursuant to written declarations of trust ("Trust Agreements") between the International Union of Operating Engineers, Local Union No. 12 ("Local 12"), and various multiemployer associations in the construction industry in Southern California and Southern Nevada. The Trusts are now, and were at all times material to this action, labor-management multiemployer trusts created and maintained pursuant to section 302(c)(5) of the LMRA [29 U.S.C. § 186(c)(5)]. The Plaintiffs, as trustees of the Trusts, are "fiduciar[ies]" with respect to the Trusts as defined in section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)]. Plaintiff, Engineers Contract Compliance Committee Fund, was established by Local 12 in accordance with Section 6(b) of the Labor Management Cooperation Act of 1978 in order to improve job security and organizational effectiveness. Plaintiff, Southern California Partnership for Jobs Fund, is an industry-wide advancement fund established by employers and Local 12. Plaintiff, Operating Engineers Workers Compensation Trust, is a trust fund established by Local 12 and certain employers to administer worker's compensation benefits. Collectively, all plaintiffs are referred to herein as "Plaintiffs."

6. At all times material herein, Local 12 has been a labor organization representing employees in the building and construction industry in Southern California and Southern Nevada, and a labor organization representing employees in an industry affecting commerce within the meaning of § 301(a) of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. § 185(a)].

///

7. At all relevant times, Defendants, Myers-Rados, a Joint Venture ("Joint Venture"), is an unincorporated joint venture organized under the laws of the State of California, with its principal place of business located in Santa Ana, California. At all relevant times, Myers-Rados, a Joint Venture was comprised of Steve P. Rados, Inc., a California corporation ("Rados"), with its principal place of business in Santa Ana, California, and Myers & Sons Construction, L.P., a California limited partnership ("Myers"), with its principal place of business in Sacramento, California, each of which combined their property, money, efforts, and skill to conduct the business of the joint venture and acted as an agent, partner, and joint venturer of the others with respect to the matters alleged herein. The Joint Venture and the individual members of the unincorporated joint venture, Rados and Myers, are jointly and severally liable to Plaintiffs for all unpaid contributions, liquidated damages, interest, and attorneys' fees. Joint Venture, Rados and Myers are referred to collectively as "Defendants."

## BARGAINING AGREEMENT AND STATUS OF PARTIES

8. On or about October 30, 2017, the Associated General Contractors of California, Inc. ("AGC") notified Local 12 in writing that Defendant Joint Venture was a member of the AGC and that Defendant Joint Venture had assigned bargaining authority for the Master Labor Agreement ("Master Agreement") to the AGC as its representative. Since about October 30, 2017, Defendant Joint Venture has been bound to the terms and provisions of the Master Agreement, as well as the incorporated Trust Agreements. The Master Agreement is a valid and effective written collective bargaining agreement between the AGC and Local 12. At all times relevant herein, Defendant Joint Venture has been obligated to the terms and provisions of the Master Agreement and related Trust Agreements.

9. Defendant Joint Venture is an "*employer*" as that term is understood in the Master Agreement and related Trust Agreements.

10. Defendant Joint Venture is an "*employer*" as defined and used in section 3(5) of ERISA [29 U.S.C. § 1002(5)], and therefore, "*obligated to make contributions*

*to a multiemployer plan*" within the meaning of section 515 of ERISA [29 U.S.C. § 1145]. Plaintiffs are informed and believe, and thereon allege, that Defendant Joint Venture is an "*employer*" engaged in "*commerce*" in an "*industry affecting commerce*," as those terms are defined and used in sections 501(1) and 501(3) of the LMRA [29 U.S.C. § 142(1) and § 142(3)], and within the meaning and use of section 301(a) of the LMRA [29 U.S.C. § 185(a)].

**FIRST CLAIM FOR RELIEF**

**Breach of Written Collective Bargaining Agreement and Violation of § 515 of ERISA [29 U.S.C. § 1145]**

11. Plaintiffs hereby incorporate by reference paragraphs 1 through 10 above to the same effect as if set forth here verbatim.

12. Section 515 of ERISA [29 U.S.C. § 1145], provides *"[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."*

13. Defendant Joint Venture is an "*employer*" as defined and used in § 3(5) of ERISA [29 U.S.C. § 1002(5)], and is *"obligated to make contributions to a multiemployer plan"* within the meaning and use of section 515 of ERISA [29 U.S.C. § 1145].

14. By the terms and provisions of the Master Agreement and related Trust Agreements, and at all times material herein:

A. Defendant Joint Venture agreed to prepare and submit true, complete, and accurate written monthly contribution reports ("Monthly Reports") to Plaintiffs on a timely basis showing the identities of its employees performing work covered by the Master Agreement, the number of hours worked by or paid to these employees, and based upon the hours worked or amounts paid to employees, the proper calculation of the fringe benefit contributions due for such employees. The

Monthly Reports are either submitted in hard copy or electronically through an online reporting portal;

B. At all times material herein, Defendant Joint Venture has been obligated to submit its Monthly Reports and pay its contributions to Plaintiffs at Plaintiffs' administrative offices in Pasadena, California, on or before the 10th day of each successive month;

C. Defendant Joint Venture agreed to permit Plaintiffs and their agents to conduct audits of payroll and related records to determine if fringe benefit contributions have been properly paid pursuant to the Master Agreement and related Trust Agreements; and

D. Defendant Joint Venture agreed to pay to Plaintiffs fringe benefit contributions, benefits and/or withholdings on a monthly basis, and at specified rates for each hour worked by, or paid to, applicable employees. These amounts are due and payable at Plaintiffs' administrative offices in Pasadena, California.

15. Defendant Joint Venture submitted Monthly Reports to Plaintiffs reflecting work performed by its employees, during the months of February 2023, March 2023, November 2023, and December 2023, but failed to pay all contributions due to Plaintiffs in violation of the Master Agreement and Trust Agreements, and its statutorily mandated obligation under Section 515 of ERISA [29 U.S.C. § 1145], to timely pay fringe benefit contributions to Plaintiffs. Plaintiffs allege that Defendant Joint Venture failed to apply the correct fringe benefit contribution rate for an apprentice employee for the work months of February 2023, March 2023, November 2023, and December 2023. In particular, Defendant failed to include payment of pension contributions owed for work performed by its apprentice employee, Matthew Watkins. Pursuant to the Master Agreement, once an apprentice performs 2,000 hours of covered work, pension contributions must be paid to Trustees on behalf of the apprentice ("Apprentice Upgrade"). Defendant owes an additional $2,728.86 for pension contributions for the Apprentice Upgrade for the work months of February

2023, March 2023, November 2023, and December 2023, for Mr. Watkins. Failure to pay these contributions is a breach of the Master Agreement and Trust Agreements, and a violation of section 515 of ERISA [29 U.S.C. § 1145]. This amount is due and payable at Plaintiffs' administrative offices in Pasadena, California.

16. Plaintiffs are informed and believe, and based thereon allege, that Defendant Joint Venture has failed to pay certain additional amounts of fringe benefit contributions not presently known to Plaintiffs. These additional amounts will be established by proof at the trial herein.

17. Defendant Joint Venture is a "*delinquent*," as that term is used in the Master Agreement and related Trust Agreements.

18. Plaintiffs are informed and believe, and thereon allege, that there is no legal excuse for Defendant Joint Venture's breach of its obligations under the Master Agreement and related Trust Agreements in violation of section 515 of ERISA [29 U.S.C. § 1145].

19. Defendant Joint Venture has failed to pay, or timely pay, contributions owed to Plaintiffs, accruing since at least February 2023. Pursuant to the Master Agreement, Defendant Joint Venture agreed that in the event Defendant Joint Venture failed to pay or to timely pay fringe benefit contributions, or otherwise comply with the terms and provisions of the Master Agreement and related Trust Agreements, Defendant Joint Venture would be considered delinquent with Plaintiffs and would pay Plaintiffs the greater of $25.00 per month or ten percent (10%) of the total amount then due as liquidated damages for each delinquency.

20. Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], in any action by a fiduciary in which judgment is found in favor of the plan, the Court shall award the plan: (i) the unpaid contributions, (ii) interest on the unpaid contributions, (iii) an amount equal to the greater of (a) interest on the unpaid contributions or (b) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under federal or state law) of the amount

determined by the Court to be unpaid contributions, (iv) reasonable attorneys' fees and costs, and (v) such other legal or equitable relief as the Court deems appropriate. For purposes of section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], interest on unpaid contributions shall be determined by using the rate provided under the plan or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 6621.

21. Pursuant to the written Operating Engineers Trust Funds Joint Contribution Committee Collection Policy & Procedures ("Joint Collection Policy") promulgated by the Plaintiffs' Trustees pursuant to the authority granted to them by the Master Agreement and/or Trust Agreements, interest on unpaid or untimely paid fringe benefit contributions shall be calculated at 8% per annum. The Joint Collection Policy also provides that liquidated damages shall be assessed at 10% of unpaid or untimely paid contributions.

22. Pursuant to the Master Agreement, related Trust Agreements, Joint Collection Policy, and section 502(g)(2)(C) of ERISA [29 U.S.C. § 1132(g)(2)(C)], the exact amount of liquidated damages owed by Defendant Joint Venture to Plaintiffs will be established by proof.

23. Pursuant to the Master Agreement, related Trust Agreements, Joint Collection Policy, and section 502(g)(2)(B) of ERISA [29 U.S.C. § 1132(g)(2)(B)], Defendant Joint Venture owes Plaintiffs interest calculated at 8% per annum from the respective due dates on all unpaid or untimely paid fringe benefit contributions. The exact amount of interest owed by Defendant Joint Venture to Plaintiffs will be established by proof.

24. By the Master Agreement and related Trust Agreements, Defendant Joint Venture agreed to pay Plaintiffs all legal costs and audit costs in connection with the collection of any delinquency, whether incurred before or after litigation is commenced.

///

25. It has been necessary for Plaintiffs to engage legal counsel for the purpose of collecting said contributions and damages, and Plaintiffs are entitled to their reasonable attorneys' fees in connection therewith pursuant to the Master Agreement, Trust Agreements, Joint Collection Policy, and section 502(g)(2)(D) of ERISA [29 U.S.C. § 1132(g)(2)(D)]. The exact amount of the legal fees due and payable has not been ascertained at this time. These amounts shall be established by proof.

26. Pursuant to section 502(g)(2)(E) of ERISA [29 U.S.C. § 1132(g)(2)(E)], the Court may grant such other legal or equitable relief as the Court deems appropriate. As part of Plaintiffs' judgment, Plaintiffs shall request the Court to:

A. Order Defendant Joint Venture to post and deliver either a good faith deposit, or a performance bond issued in favor of Plaintiffs in an amount determined by the Court to be appropriate, and

B. Order the creation of a constructive trust on all applicable property and order the transfer of the applicable property to Plaintiffs, and

C. Order Defendant Joint Venture to pay to Plaintiffs all amounts due to Plaintiffs, including, but not limited to, the unpaid contributions, other damages for breach of contract, legal fees, audit costs, and other expenses and damages incurred.

## PRAYER

**WHEREFORE**, Plaintiffs pray for judgment against Myer-Rados, a Joint Venture, Steve P. Rados, Inc. a California corporation and joint venturer, and Myers & Sons Construction, L.P. a California limited partnership and joint venturer, jointly and severally, as follows:

1. For unpaid fringe benefit contributions in amounts totaling at least $2,728.86, plus additional amounts as proved;
2. For damages in amounts as proved;
3. For liquidated damages in amounts as proved;
4. For interest in amounts as proved;

5. For reasonable attorneys' fees and costs of suit incurred, in amounts as proved;

6. For such additional relief as this Court deems just and proper, including, but not limited to, the following:

6.1 An order directing Defendants, their representatives, agents and associates, to provide a full and complete accounting for, and tracing the use of, all unpaid amounts owed pursuant to the Master Agreement and Trust Agreements, and identify all property, real or personal, tangible or intangible, that are the profits from the unpaid sums due, whether in whole or in part, of the use of any unpaid amounts owed;

6.2 An Order directing Defendants, its representatives, agents and associates, to post and deliver either a good faith deposit, or a performance bond issued in favor of the Plaintiffs, in an amount determined by the Court to be appropriate;

6.3 An Order for the creation of a constructive trust in favor of the Plaintiffs on all applicable property of Defendants, up to the full amount found due by Defendants to Plaintiffs, and an Order for the transfer of the applicable property to the Plaintiffs; and

6.4 An Order directing Defendants, its representatives, agents and associates, to pay to the Plaintiffs all amounts due to Plaintiffs, including, but not limited to, the unpaid contributions, benefits withholdings, liquidated damages, legal fees, and other expenses and damages incurred.

DATED: June 23, 2026 LAQUER, URBAN, CLIFFORD & HODGE LLP

By:______________________________

Marija Kristich Decker
Sareen K. Boyadjian
Counsel for Plaintiffs, Trustees of the Operating Engineers Pension Trust, et al.

## WAIVER OF JURY TRIAL

Plaintiffs hereby waive a jury trial in this action.

DATED: June 23, 2026

LAQUER, URBAN, CLIFFORD & HODGE LLP

By: /s/ [signature]

Marija Kristich Decker
Sareen K. Boyadjian
Counsel for Plaintiffs, Trustees of the Operating Engineers Pension Trust, et al.